UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ERASIMO INOJOSA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>NEIL McDOWELL, Warden,<br><br>　　　　　Respondent. | No. CV 17-1600 PA (FFM)<br><br>ORDER SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE |

**INTRODUCTION**

On or about February 28, 2017, petitioner Francisco Erasimo Inojosa ("petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (the "petition") pursuant to 28 U.S.C. § 2254. The petition argues that petitioner's sentence, imposed pursuant to Cal. Penal Code sections[1] 245(a)(2), 12022.5(a)(1), and 186.22(b)(1)(A)[2], is invalid under the California

---

[1] All references herein to statutory sections are to the California Penal Code unless otherwise indicated.

[2] Petitioner was initially sentenced pursuant to Cal. Penal Code sections 12022.5(a)(1) and 186.22(b)(1)(C). However, the California Court of Appeal vacated the enhancement imposed by section 186.22(b)(1)(C) and instead imposed
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(continued...)

Supreme Court's holding in *People v. Le*, 61 Cal. 4th 416 (2015). Specifically, petitioner asserts that, based on the court's holding in *Le*, his sentence violates Cal. Penal Code section 1170.1(f), as well as the Equal Protection and Due Process Clauses of the Fourteenth Amendment. For the reasons discuss below, the Court finds that summary dismissal of petitioner's claims is appropriate.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts ("Rule 4") allows summary dismissal of a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 confers upon district courts the power to dismiss a petition "that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Accordingly, "where the allegations in the petition are 'vague [or] conclusory,'" summary dismissal is permitted. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (alteration in original) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

State Law Claim

With respect to petitioner's contention that his sentence violated the rule enunciated in *People v. Le*, the Court may not consider that claim because it is not cognizable on federal habeas corpus. Federal habeas corpus is reserved for challenges asserting that a petitioner "is in custody in violation of the Constitution or laws or treaties of the *United States*." 28 U.S.C. § 2254 (emphasis added). Accordingly, violations of state law are not cognizable on federal habeas. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

///

///

---

(...continued)
an enhancement under section 186.22(b)(1)(A). *See People v. Inojosa*, 2012 WL 4479420, at *3 (Cal. Ct. App. Aug. 20, 2012).

Here, petitioner's claim based on *Le* is a matter of state law. In *Le*, the California Supreme Court considered whether:

> [Cal. Penal Code] section 1170.1, subdivision (f) also precludes a trial court from imposing both a firearm enhancement under section 12022.5, former subdivision (a)(1), and a gang enhancement under section 186.22, subdivision (b)(1)(B), in connection with a single offense, when the offense is a "serious felony" under section 186.22, subdivision (b)(1)(B) and involved the use of a firearm.

61 Cal. 4th at 419. In deciding that issue, the court's analysis revolved largely around its prior decision in *People v. Rodriguez*, 47 Cal. 4th 501 (2009). In *Rodriguez*, the California Supreme Court found that section 1170.1(f) prohibits the imposition of a sentence pursuant to both sections 12022.5(a)(1) and 186.22(b)(1)(C) if it was section 12022.5(a)(1) that made the defendant eligible for sentencing under 186.22(b)(1)(C). 47 Cal. 4th at 509-10. That decision was based largely on its discussion of California's penal schemes and not on any federal constitutional issues. *See generally id.* at 508-10. In *Le*, after discussing both *Rodriguez* and California's sentencing scheme, the California Supreme Court held that section 1170.1(f) also prohibits a court from imposing a sentence pursuant to both sections 12022.5(a)(1) and 186.22(b)(1)(B). 61 Cal. 4th at 429.

It is clear from both the issue considered by the California Supreme Court and by the court's analysis that the holding in *Le* rests entirely on the interpretation and application of California law. At most, petitioner's claim asserts a violation of Cal. Penal Code section 1170.1(f). Therefore, petitioner's claim is one of state law. Because violations of state law are not cognizable on federal habeas, petitioner may not raise his present claim in federal court. At least one district court within this circuit has also concluded that claims regarding re-sentencing under *Le* are not cognizable on federal habeas. *See Becerra v. Cal. Dep't of Corr. & Rehab.*, 2016 WL 7324709, at *3 (E.D. Cal. Dec. 16, 2016).

///

///

Equal Protection and Due Process Claims

Regarding petitioner's Equal Protection and Due Process claims, they are plainly meritless as alleged in the petition. In order to raise a viable Equal Protection claim, a prisoner must, at a minimum, assert that he has been disparately impacted by the challenged action. *See United States v. Estrada-Plata*, 57 F.3d 757, 760 (9th Cir. 1995); *Myers v. Ylst*, 897 F.2d 417, 421 (9th Cir. 1990). Additionally, a Due Process claim requires a showing that the petitioner was deprived of some required procedure or that the state's procedures were constitutionally deficient. *See Swarthout v. Cooke*, 562 U.S. 216, 222 (2011). Petitioner has not even attempted to make the required showing under either standard. Rather, petitioner sets forth only vague and conclusory allegations that his sentence somehow violates the Equal Protection and Due Process Clauses. Because petitioner has not offered any support substantiating these purported constitutional violations, they are plainly meritless.

## CONCLUSION

For the foregoing reasons, the Court finds it plainly apparent that petitioner is not entitled to relief on the basis of the claims raised in the petition. Thus, dismissal of the petition is appropriate under Rule 4 of the Rules Governing Section 2254 Cases In United States District Courts. Accordingly, the petition is hereby DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 15, 2017

_____
PERCY ANDERSON
United States District Judge

Presented by:
  /S/ FREDERICK F. MUMM
  FREDERICK F. MUMM
United States Magistrate Judge